UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HECTOR CARNERO, ET AL. | CIVIL ACTION |
| VERSUS | NO. 14-2064 |
| PATTERSON STRUCTURAL MOVING AND SHORING LLC, ET AL. | SECTION "L" |

**ORDER AND REASONS**

Before the Court is Defendant Patterson Structural Moving and Shoring LLC's ("Patterson") motion to dismiss. (Rec. Doc. 4). The Court has considered the parties' memoranda and the applicable law and now issues this order.

**I.    BACKGROUND**

This case involves four Plaintiffs' allegations of unpaid wages in violation of federal and state law. Specifically, Plaintiffs allege that Defendant Antonio Padilla worked with Defendant Patterson and Defendant Urway Home Renovations ("Urway") to elevate homes. Patterson is a general contracting company that specializes in home elevation. Patterson works with subcontractor Urway. Urway employed Mr. Padilla. Urway hired Plaintiffs through Mr. Padilla to perform excavation and elevation work. Plaintiffs allege that they were paid at a rate of $100 per day by Mr. Padilla and received wages from April 2012 to September 2012. Plaintiffs further allege, however, that between September 2012 and January 2013, they each were not paid for 21, 9, 15, and 10 days of wages, respectively. Plaintiffs contend that this nonpayment violates the Federal Labor Standards Act ("FLSA") and the Louisiana Wage Payment Act ("LWPA"). Plaintiffs also contend that these actions give rise to state law breach of contract and unjust enrichment claims.

**II.     MOTION TO DISMISS**

Patterson now moves to dismiss. (Rec. Doc. 4). First, Patterson argues that Plaintiffs have failed to plead facts sufficient to establish that Patterson is Plaintiffs' employer within the meaning of the FLSA. Specifically, Patterson argues that Plaintiffs have not asserted any facts that indicate, as a matter of economic reality, that Patterson was a "joint employer." Second, Patterson similarly argues that Plaintiffs have failed to plead facts sufficient to establish that Patterson is Plaintiffs' employer within the meaning of the Louisiana Wage Payment Act. Third, Patterson argues that Plaintiffs fail to state a breach of contract claim because Plaintiffs do not sufficiently allege a contract between themselves and Patterson. Fourth, Patterson argues that Plaintiffs fail to state a claim of unjust enrichment because Plaintiffs – who only raise the cause of action in the alternative – have other remedies available.

Plaintiffs respond in opposition to dismissal. (Rec. Doc. 6). First, they argue that the question of "joint employment" is a factual issue that is premature at this 12(b)(6) stage. Second, they argue that the facts alleged, namely Patterson's exercise of control over Plaintiffs' work, are sufficient to survive 12(b)(6) dismissal under the FLSA and LWPA. Third, Plaintiffs assert that they have stated a sufficient cause of action for breach of contract under Louisiana state law of mandate. Finally, Plaintiffs acknowledged that the claim of unjust enrichment is an alternative claim that would be devoid of jurisdiction were the Court to dismiss all other claims.

Patterson replies, by leave of Court, to counter Plaintiffs' arguments. (Rec. Doc. 9).

**III.    DISCUSSION**

**A.     Standard of Law – Rule 12(b)(6)**

Ordinarily, the Federal Rules of Civil Procedure permit a defendant to seek dismissal of a complaint based on the "failure to state a claim upon which relief can be granted." FED. R. CIV.

P. 12(b)(6). However, a motion to dismiss under Rule 12(b)(6) "is viewed with disfavor and is rarely granted." *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011). Dismissal is appropriate only if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To satisfy this standard, the complaint must provide more than conclusions, but it "need not contain detailed factual allegations." *Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 252 (5th Cir. 2011). Yet, it must allege enough facts to move the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Determining whether the plausibility standard has been met is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).

    B.    **FLSA Claim**

The Court must first determine whether Plaintiffs pled a plausible claim against Patterson for FLSA minimum wage and overtime violations. The FLSA provides that "[a]ny employer who violates the provisions of section 6 or section 7 of the Act ... shall be liable to the employee or employees affected in the amount of ... their unpaid minimum wages, or their unpaid overtime compensation." 29 U.S.C. § 216(b). An "employer" is defined as including "any person acting directly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The Fifth Circuit utilizes the "economic reality test" to determine whether a defendant is a joint employer under the FLSA and considers the following five factors under this test: "(1) degree of control exercised by the alleged employer; (2) the extent of the relative investments of the worker and alleged employer: (3) the degree to which the worker's opportunity for profit and loss is determined by the alleged employer; (4) the skill and initiative required in performing the job; and (5) the permanency of the relationship." *Reich v. Circle C. Investments, Inc.,* 998 F.2d 324,

327 (5th Cir.1993). However, "the touchstone of 'economic reality' in analyzing a possible employee/employer relationship for purposes of the FLSA is dependency." *Mendoza,* 691 F. Supp. 2d at 685.

Upon assessing the complaint, the Court is persuaded that Plaintiffs sufficiently pled a plausible claim that Patterson was an "employer" within the meaning of the FLSA, Patterson's "joint employer" argument notwithstanding. In the complaint, Plaintiffs specifically allege their understanding that their wages would be paid by Patterson. (Rec. Doc. 1 at ¶ 19). Similarly, Plaintiffs allege that personnel of Patterson served as one of the supervisors for Plaintiffs work. (Rec. Doc. 1 at ¶ 21). And perhaps most notably, Plaintiffs allege that "*All Defendants* continuously exercised the right to exert authority over the manner in which Plaintiffs performed and completed the work, including, but not limited to, . . . hours and rates of pay . . . ." (Rec. Doc. 1 at ¶ 22) (emphasis added). "All Defendants" is most plausibly interpreted as including Patterson. These assertions constitute plausible allegations that Patterson maintained substantial control under the "economic reality" test. *Reich,* 998 F.2d at 327. Particularly where this first economic reality factor is plausibly alleged, and the other four heavily fact-driven factors appear plausible under this complaint, dismissal would be inappropriate at this 12(b)(6) stage.[1]

    C.    **LWPA Claim**

The Court must next determine whether Plaintiffs pled a plausible claim against Patterson for LWPA violations. Louisiana courts look to the following, non-exclusive factors to determine whether an individual is an employee for the purposes of the LWPA: (1) whether there is a valid

---

[1] Although Patterson attempts to analogize the facts here to those in *Altier v. Worley Catastrophe Response, LLC,* No. 11-241, 2011 WL 1791292 (E.D. La. May 9, 2011), the facts are dissimilar. In contrast to the compliant here, which alleges Patterson's substantial control, partial supervision of the work, and authority over hours and pay, in *Altier* the plaintiffs did not allege that the moving defendant paid the wages or had any control over employment decisions. *Altier*, 2011 WL 1791292 at *1.

contract between the parties; (2) whether the work being done is of an independent nature such that the contractor may employ nonexclusive means in accomplishing it; (3) whether the contract calls for specific piecework as a unit to be done according to the independent contractor's own methods, without being subject to the control and direction of the principal, except as to the result of the services to be rendered; (4) whether there is a specific price for the overall undertaking agreed upon; and (5) whether the duration of the work is for a specific time and not subject to termination or discontinuance at the will of either side without a corresponding liability for its breach. *Gordon v. Hurlston,* 854 So.2d 469, 472 (La.App. 3 Cir.2003) (citing *Hickman v. Southern Pacific Transport Co.,* 262 So.2d 385 (1972)).

"[I]t is not the actual supervision or control which is actually exercised by the employer that is significant, but whether, from the nature of the relationship, the right to do so exists." *Gordon v. Hurlston,* 854 So.2d 469, 472 (La. App. 3 Cir. 2003)(quoting *Hughes v. Goodreau,* 836 So.2d 649, 656 (La. App. 1 Cir. 2002) *writ denied,* 841 So.2d 793); *see also Mack v. CDI Contrs., Inc.,* 757 So.2d 93, 97 (La. App. 5 Cir. 2000); *Howlett v. Halpern,* 559 So.2d 21, 23 (La. App. 4 Cir. 1990). The fact that one defendant exercises more control over an individual than another defendant does not preclude an employment relationship between the individual and the second defendant. *See e.g., Singleton v. Gulf Coast Truck Serv.,* 409 So.2d 377, 378 (La.App. 4 Cir.1982) (finding that a driver was employed by both a lessor and a lessee given the degree of control by the lessee and the fact that payments were made to the driver by the lessor).

Like its FLSA arguments, Patterson similarly argues that it is not an "employer" within the meaning of the LWPA. Although the LWPA factors differ from the economic reality factors, "control" is still significant. *See Gordon,* 854 So.2d at 472; *Singleton,* 409 So.2d at 378. For the reasons explained in detail above, *supra* Part III.B, the allegations of Patterson's significant

5

control over Plaintiffs are plausible. Although discovery may eventually yield facts to shed more light of the merits of the LWPA claim, dismissal would be inappropriate at this 12(b)(6) stage.

### D. Other State Law Claims

Lastly, the Court must determine whether Plaintiffs pled a plausible claim against Patterson for the alternative state law claims – namely, breach of contract and unjust enrichment.

#### 1. Breach of contract

As Patterson points out regarding the breach of contract claim, Plaintiffs' sole allegations relating to this count include (1) paragraph 17's allegation that Mr. Padilla hired Plaintiffs at a rate of $100 per day; and (2) a later allegation that "[i]n the alternative, Defendants Patterson, Urway, and Padilla breached the terms of the verbal contract to pay Plaintiffs their daily rates set forth in paragraph 17 . . ." (Rec. Doc. 1 at ¶¶ 17, 42). Although these allegations may suffice in contending that Mr. Padilla formed a verbal contract with Plaintiffs, as to Patterson they fail to set forth any more than mere "labels and conclusions . . . a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555; *see also Colony*, 647 F.3d at 252. These conclusory allegations do not support that Patterson formed a contract with Plaintiffs. Accordingly, it is appropriate to dismiss the alternative breach of contract claim against Patterson.

#### 2. Unjust enrichment

Under Louisiana law, "[t]he unjust enrichment remedy is 'only applicable to fill a gap in the law where no express remedy is provided.'" *Westbrook v. Pike Elec., LLC,* 799 F. Supp. 2d 665, 672 (E.D. La. 2011) (citing *Walters v. MedSouth Record Management, LLC*, 38 So. 3d 243, 244 (La. 2010)). Indeed, the last element of an unjust enrichment claim is that there must be no other remedy at law available to the plaintiff. *Id.* As Patterson points out, here, Plaintiffs cannot

establish this last element for their unjust enrichment claim: based on Plaintiffs' factual allegations, they can – and have – asserted claims under the FLSA and LWPA. Therefore, there is no gap to fill in the law, and an unjust enrichment claim is inapplicable, Plaintiffs' "mandate" arguments notwithstanding. *See Bodnar v. Newport Corp. of Louisiana*, 09-7686, 2011 WL 4575122, at *6 (E.D. La. Sept. 29, 2011) (examining the legal claims asserted in the complaint to determine whether plaintiffs may validly assert a Louisiana unjust enrichment claim); *see also Westbrook,* 799 F. Supp. 2d at 672 ( "Furthermore, whether plaintiff succeeds or not with respect to his other claims is immaterial. The mere fact that there are alternative remedies available precludes a claim for unjust enrichment . . . .Thus, considering plaintiff has alleged causes of action based on breach of contract, . . . a claim for unjust enrichment cannot lie and must be dismissed.") (citing *Walters,* 38 So.3d 243). Accordingly, it is appropriate to dismiss Plaintiffs' unjust enrichment claim.

## IV.   CONCLUSION

Accordingly, **IT IS ORDERED** that Patterson's motion to dismiss is **DENIED IN PART AND GRANTED IN PART**. The motion is denied as to the FLSA and WPLA claims against Patterson. The motion is granted as to the breach of contract claim against Patterson and the unjust enrichment claim.

New Orleans, Louisiana, this 15th day of January, 2015.

---
UNITED STATES DISTRICT JUDGE